**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CUTSFORTH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1025 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| LEMM LIQUIDATING | ) | |
| COMPANY, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

### I.     Background

On November 16, 2019, this Court issued an Order to Show Cause (Doc. 593) to the

Parties to show cause as to why materials previously sealed or redacted in this matter should not

be unsealed or un-redacted pursuant to the Third Circuit's ruling in <u>In re Avandia Marketing</u>

<u>Sales Practices & Products Liability Litigation</u>, 924 F.3d 662, 670-73 (3d. Cir. 2019).  The

Parties filed a Joint Response to Order to Show Cause (Doc. 596, "Response") on December 13,

2019.

In the Response, Defendants state that there is no longer a need for any materials filed

under seal or redacted to remain under seal or remain redacted.  Plaintiff, however, argues that

certain materials, identified in Exhibit A attached to the Response, should remain under seal or

redacted.  Specifically, Plaintiff states that these materials relate to its confidential financial or

customer information, such as costs, pricing, revenues, and profitability related to one of its

products.  Response at 2.  Plaintiff argues that "public disclosure of this information would cause

substantial harm to [its] competitive position in the marketplace, including harm to its

negotiating position with customers and its positioning with respect to competitors." Id. According to Plaintiff, this harm can rebut the presumption of public access to judicial materials and the First Amendment right of access to civil trial materials, discussed in Avandia. Id.

## II.    Applicable Standards

Based on Avandia, this Court must articulate "compelling, countervailing interests to be protected" and "make specific findings on the record concerning the effects of disclosure" and "provide an opportunity for interested third parties to be heard" in order to overcome the common law right of access. 924 F.3d at 672-73 (internal quotations and citations omitted). Further, while the Third Circuit in Avandia declined to extend the First Amendment right of public access to summary judgment records when the common law right of access is sufficient, it noted that if a district court determined that any documents should remain sealed under the right of public access, that court must then consider whether the First Amendment right attaches. Id. at 673, 680.

Neither party disputes that the documents in question constitute judicial records and are subject to the common law of access. In determining whether the First Amendment right attaches, a court must use a two-prong test:

(1) whether the place and process have historically been open to the press; and

(2) whether public access plays a significant positive role in the functioning of the particular process in question.

Id. at 673 (internal quotations and citations omitted). The Court agrees with Plaintiff's briefing that the First Amendment right attaches here, and that the redactions it requests must also survive the First Amendment right of public access, if the Court finds that the redactions must be protected from the common law right of access.

2

The Court finds that Plaintiff's requests for redactions are compelling enough to overcome the common law right of public access.[1]  Plaintiff has asked for specific data related to product pricing (such as price differentials, average selling price and discounts), profit margins, costs of manufacturing, number of units sold and customer lists to be redacted, as such information is not disclosed to the public by Plaintiff, and disclosure of these specific pieces of information would materially harm Plaintiff's negotiating position in the marketplace.  This, the Court finds, is a "compelling, countervailing interest[] to be protected."  Avandia, 924 F.3d at 672.  As the Court has found that Plaintiff's requests for redactions meets the standard to remain sealed under the common law right of access, the Court must now determine whether the information should remain sealed under the First Amendment right of access.

When the First Amendment right attaches, "[a]ny restriction on the right of public access is evaluated under strict scrutiny" and a party may only rebut the presumption in favor of access by "demonstrat[ing] an overriding interest [in excluding the public] based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Id. The party seeking to seal the information, in this case Plaintiff, "bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue."  Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984).

In this Circuit, "an interest in safeguarding a trade secret may overcome a presumption of openness."  Publicker, 733 F.2d at 1073.  While Plaintiff does not characterize the information that it seeks to redact as trade secrets, that does not limit the Court's ability to consider whether that may be the appropriate method by which to analyze Plaintiff's information.

---

[1] The Court makes its specific findings in the chart that follows in Section III of this Order.

The Court finds the reasoning in another case in this District cited by Plaintiff to be informative in determining what constitutes a trade secret or may overcome the presumption of the First Amendment right of access. In Cole's Wexford Hotel, Inc. v. Highmark, Inc., the Special Master found that disclosure of a party's customer lists would cause the company to suffer "irreparable harm" sufficient to override any compelling public interest in the materials. 2019 WL 7606242, at *25 (W.D. Pa. Dec. 19, 2019) adopted by and modified by 2020 WL 337522 (W.D. Pa. Jan. 21, 2020) (adopting the Special Master's recommendation in full, subject to the insertion of two sentences to a portion of the recommendation unrelated to sealing). As in Cole's Wexford, the Court finds here that disclosure of Plaintiff's customer's list would "materially harm [its] competitive position in the marketplace" by providing its competitors with a list "to compete with or to contact for potential competition." Response at Ex. A, p. 12.

The Court next addresses Plaintiff's redaction request as to information related to the pricing of its product, which include the following: the price differential between its product and Defendant's product, the average selling price of its product, pricing discounts on the product, cost of manufacturing the product, other revenue or profit information on the product and number of sales of the product.[2] The Court again finds the analysis in Cole's Wexford informative. There, the Special Master found that data such as claims data constituted trade secrets.[3] Claims data, in that context, meant details about pricing and rates for services for each

---

[2] The Court notes that, after careful review of each of Plaintiff's proposed redactions, that the type of information requested can be categorized in this way and thus can receive the same type of analysis, although the actual numbers may differ. As noted in Footnote 1, this is detailed in the attached chart.

[3] Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S.A. §§ 5302 defines trade secrets as:

Information, including a formula, drawing, pattern, compilation including a customer list, program, device, method, technique or process that:

of one of the party's payors.  <u>Cole's Wexford</u>, 2019 WL 7606242, at *26.  The party requesting

sealing noted that it used this data in negotiations in contracts and that it would be "severely

prejudice[d]" if the information were made publicly available, as its competitors could use that

data to "extract a better deal and increased rates from payors" and also that its insurance

company payors could use that information to negotiate lower rates in their contracts.  <u>Id.</u>  The

Special Master also found that negotiated reimbursement rates are highly negotiated and

confidential and are individualized from customer to customer, making them the type of

confidential commercial information that courts protect.  <u>Id.</u> at 26-28.  As a result, disclosure of

these rates would cause serious injury, inflicting a significant threat to each company's

negotiating abilities.

Similarly, Plaintiff argues that it does not public disclose pricing information on its

product, and that it sells its product at different rates to different customers and customer groups.

<u>See, e.g.</u>, Response at Ex. A, p. 6.  Further, disclosure of the number of units sold or the price

differential between Plaintiff's product and Defendant's product would enable competitors to

discover the average price sold.  <u>Id.</u> at 7, 9.  Plaintiff argues that disclosure of this information

would harm its negotiating position in the marketplace with its customers and also give its

competitors an advantage when seeking to sell their products to Plaintiff's customers.  <u>Id.</u>

Plaintiff also argues that it does not publicly disclose information about manufacturing costs, as

---

(1) Derives independent economic value, actual or potential, from not being generally
known to, and not being readily ascertainable by proper means by, other persons who
can obtain economic value from its disclosure or use.

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its
secrecy.

that would provide competitors insight into its profit margins, which would again harm Plaintiff's negotiating position in the market and provide its competitors with an unfair advantage. Id. at 10-11.

The Court finds that this information derives independent economic value from not being generally known by others who can obtain economic value from its disclosure, and is subject to efforts that are reasonable under the circumstances to maintain its secrecy. Plaintiff has shown that this information is the type of information that courts seek to protect, demonstrated its overriding interest in excluding the public from this information because of the potential harm it may suffer and narrowly tailored its objections by seeking only to redact or seal the specific information that would cause the harm. As the Court has found that the requested redactions constitute confidential information that courts seek to protect, such as trade secrets, they may be safeguarded against the First Amendment right of access.

## III.    Specific Findings

The Court makes an individualized analysis of each proposed redaction or seal request as follows:

[The rest of this page is intentionally left blank]

# THE COURT'S FINDINGS ON CUTSFORTH'S CONFIDENTIALITY DESIGNATIONS

| Request No. | Docket No. | Description | Confidential Materials | Rationale for Continued Sealing |
|---|---|---|---|---|
| 1 | 232 | Defendants' Memo re Motion for Summary Judgment of No Lost Profits | Price differential between EASYchange and FC-101 (p.1, 13, 14); average selling price of EASYchange (p. 13) | The specific references to the price differential between Plaintiff's product and Defendant's product are confidential information of the type that courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure.

The specific number provided by Plaintiff's expert on the average selling price may be redacted because the average selling price can be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed. |

| 2 | 273, Exhibit W | Cutsforth Strategic Sales/Marketing Plan | Selling price and units sold of EASYchange (p. 15) | The specific number provided on the average selling price may be redacted because the average selling price can be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed.<br><br>The specific number provided on the units sold may be redacted because that can be used to calculate the average selling price of Plaintiff's product, which can be considered a trade secret, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed. |
| --- | --- | --- | --- | --- |

| 3 | 277, Exhibit Y | Excerpts of Expert Report of Elizabeth Dean Regarding Damages | Average selling price, profit margin of EASYchange (p. 39) | The specific number provided on the average selling price may be redacted because the average selling price can be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed.<br><br>The specific number provided on the profit margin may be redacted because that can be used to calculate the average selling price of Plaintiff's product, which can be considered a trade secret, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed. |

| 4 | 327 | Cutsforth Memo in Opposition to Defendants' Motion for Summary Judgment of No Lost Profits | Selling price and average price of EASYchange, price differential between FC-101 and EASYchange (p. 16) | The specific numbers provided on the average selling price or selling price for different categories of sales may be redacted because the average selling price can be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed.<br><br>The specific references to the price differential between Plaintiff's product and Defendant's product are confidential information of the type that courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure. |

| 5 | 339, Exhibit 12 | Excerpts of Expert Report of Elizabeth Dean Regarding Damages | Cutsforth's pricing discounts and average EASYchange price (p. 31); Cutsforth profit margin on brush sales and installation fees (p. 32); pricing/revenue/profit tables for EASYchange (schedules 2-3) | The specific numbers provided on the average selling price and pricing discounts may be redacted because they can be considered trade secrets under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed.<br><br>The specific references to Plaintiff's profit margin, pricing, revenue, and profit are confidential information courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure. |

| 6 | 343, Exhibit 14 | Cutsforth EASYchange manufacturing quote | Cost information of EASYchange holder and parts | The specific references to Plaintiff's costs are confidential information of the type that courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure. |
|---|---|---|---|---|
| 7 | 344, Exhibit 15 | Cutsforth customer list and sales data | List of customers, pricing, and net value details | Plaintiff's customer list is the type of confidential information of the type that courts seek to protect, and Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure. |
| 8 | N/A | Defendants' Memo re Motion for Summary Judgment of No Lost Profits | Price differential between EASYchange and FC-101 (p.1, 11, 12); average selling price of EASYchange (p. 11) | The specific references to the price differential between Plaintiff's product and Defendant's product are confidential information of the type that courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure.<br><br>The specific numbers provided on the average selling price may be redacted because the average selling price can |

| | | | | |
|---|---|---|---|---|
| | | | | be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed. |
| **9** | N/A | Defendants' SOF re Motion for Summary Judgment of No Lost Profits | Average EASYchange selling price (¶ 47) | The specific numbers provided on the average selling price may be redacted because the average selling price can be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed. |

| 10 | N/A | Cutsforth Memo in Opposition to Defendants' Motion for Summary Judgment of No Lost Profits | Selling price and average price of EASYchange, price differential between FC-101 and EASYchange (p. 18) | The specific numbers provided on the average selling price or selling price may be redacted because the average selling price can be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed.<br><br>The specific references to the price differential between Plaintiff's product and Defendant's product are confidential information of the type that courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure. |

| 11 | N/A | Cutsforth SOF in Opposition to Defendants' Motion for Summary Judgment of No Lost Profits | Average EASYchange selling price (¶ 47) | The specific numbers provided on the average selling price may be redacted because the average selling price can be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed. |
| 12 | N/A | Defendants' Daubert Motion re Elizabeth Dean | Price differential between EASYchange and FC-101 (p. 3, 4, 5); average selling price of EASYchange (p. 3) | The specific references to the price differential between Plaintiff's product and Defendant's product are confidential information of the type that courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure.

The specific numbers provided on the average selling price may be redacted because the average selling price can be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not |

| | | | | being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed |
|---|---|---|---|---|
| **13** | N/A | Exhibit W to Defendants' Lost Profits Summary Judgment Motion - Cutsforth Strategic Sales/Marketing Plan | Selling price and units sold of EASYchange (p. 15) | The specific number provided on the average selling price may be redacted because the average selling price can be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed.

The specific number provided on the units sold may be redacted because that can be used to calculate the average selling price of Plaintiff's product, which can be considered a trade secret, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed. |

| 14 | N/A | Exhibit Y to Defendants' Lost Profits Summary Judgment Motion - Excerpts of Expert Report of Elizabeth Dean Regarding Damages | Average selling price, profit margin of EASYchange (p. 39) | The specific numbers provided on the average selling price may be redacted because the average selling price can be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed.<br><br>The specific references to Plaintiff's profit margin are confidential information courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure. |

| 15 | N/A | Exhibit 2 to Cutsforth's Motion to Exclude – Expert Report of Carl Degen on Damages | Price differential between EASYchange and FC-101 and average selling price (p. 5, 39, 41, Figure 5, Figure 11); Cutsforth profit margin information (p. 42, 43, 44) | The specific references to the price differential between Plaintiff's product and Defendant's product are confidential information of the type that courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure.

The specific numbers provided on the average selling price may be redacted because the average selling price can be considered a trade secret under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed.

The specific references to Plaintiff's profit margin are confidential information courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure. |

| 16 | N/A | Exhibit A to Defendants' Daubert Motion re Elizabeth Dean – Excerpts of Expert Report of Elizabeth Dean Regarding Damages | Cutsforth's pricing discounts and average EASYchange price (p. 31); Cutsforth profit margin on brush sales and installation fees, and costing information (p. 32-34) | The specific numbers provided on the average selling price and pricing discounts may be redacted because they can be considered trade secrets under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed.<br><br>The specific references to Plaintiff's profit margin and fees and costs are confidential information courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure. |

| 17 | N/A | Exhibit 1 to Cutsforth's Opposition to Defendants' Lost Profits Summary Judgment Motion – Expert Report of Elizabeth Dean Regarding Damages | Cutsforth's pricing discounts and average EASYchange price (p. 31, 39, 42, 47); Cutsforth profit margin on brush sales and installation fees (p. 32-34, 39, 41, 47); pricing/revenue/profit tables for EASYchange (schedules 2-3) | The specific numbers provided on the average selling price and pricing discounts may be redacted because they can be considered trade secrets under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed.

The specific references to Plaintiff's profit margin, pricing, revenue, and profit are confidential information courts seek to protect, and that Plaintiff has demonstrated that it would suffer specific harm to its negotiation position in the marketplace from its disclosure. |

| 18 | 587 | Sealed Summary Judgment Order | EASYchange average sales price (p. 24) | The specific numbers provided on the average selling price may be redacted because they can be considered trade secrets under the relevant statutory authority in Pennsylvania, as the information has independent economic value from not being generally known and is subject to efforts reasonable under the circumstances to maintain its secrecy, making it the type of information that courts are likely to protect and causing harm to Plaintiff if disclosed. |

[The rest of this page is intentionally left blank]

**IV. Order**

The Court finds that Plaintiff has shown good cause as to why the proposed redactions should remain under seal. Plaintiff shall file redacted versions of the relevant documents pursuant to the Court's findings by February 25, 2020. Consistent with the foregoing, all of Defendants' materials previously filed under seal or with redactions will no longer be sealed or redacted.

IT IS SO ORDERED.

February 18, 2020

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record