# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CUTSFORTH, INC., | ) |
| Plaintiff, | ) Civil Action No. 17-1025 |
| v. | ) Judge Cathy Bissoon |
| LEMM LIQUIDATING COMPANY, LLC, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff's Motion to Strike Witnesses from Defendant's Pre-Trial List, Doc. 625, ("Pl. MTS") is GRANTED.

Plaintiff filed the instant Motion in response to Defendants' witness list, which listed Mr. Albert Steinbach and Mr. Albert Neupaver as witnesses that Defendants planned to call at trial to testify on damages or liability issues. See Defendants' Pretrial Statement, Doc. 607, at p. 7-8. Plaintiff argues that calling both Messrs. Steinbach and Neupaver would be "egregiously unfair" because neither was subject to pretrial discovery and that Plaintiff either relied on a commitment that the witness would not testify or did not receive appropriate notice that the witness would testify. The Court agrees with Plaintiff and will preclude both Messrs. Steinbach and Neupaver from testifying, based on the following reasoning:

### I. Mr. Steinbach

Plaintiff originally subpoenaed Mr. Steinbach, other General Electric ("GE") employees and the company itself (collectively, "GE Third Parties") in response to Defendant's Rule 26 disclosures identifying them. Pl. MTS at 2. Counsel for the GE Third Parties moved to quash

the subpoenas.  Id.  Plaintiff agreed to withdraw each of its subpoenas against the GE Third Parties if they committed to not "voluntarily tender testimony or documents for the Defendants" (Id.) – which "GE and each of the subpoenaed entities, specifically General Electric Company, GE Power Systems, Inc., [and] Albert Steinbach…" did in fact commit to.  Id. at Ex. B (Doc. 608-2), p. 2.

Defendants' arguments that Mr. Steinbach purportedly "never agreed to accept these terms in his individual capacity regardless of his relationship status with GE" is not well taken. Defendants' Opposition to Cutsforth's Motion to Strike Witnesses from Defendants' Pretrial List, Doc. 622 ("Def. Opp."), at 9.  Specifically, the Court notes the following: Mr. Steinbach was personally served at home, and he was represented individually by counsel.  Plaintiff's Reply Supporting Its Motion to Strike Witnesses from Defendants' Pre-Trial List, Doc. 626 ("Pl. Reply") at 1.  Further, he retained the benefits of the commitment by avoiding discovery.  Id.

The Court finds it disingenuous that Defendants now seek to argue that both they and Mr. Steinbach misunderstood the commitments that his lawyer made on his behalf and that his lawyers submitted false misrepresentations to the District Court for the District of Minnesota (a serious allegation) or that Plaintiff's understanding of the agreement is simply mistaken.  Def. Opp. at 7-8. Given that Mr. Steinbach is named as an individual, was served as an individual in the subpoena, and benefited as an individual as a result of the agreement, the Court is not convinced that it was a reasonable "mistake" for him to think that this agreement did not bind him as an individual, no matter his employment status at GE.[1]

---

[1] Regardless, any issues that Mr. Steinbach has with his counsel "not appris[ing]" him of the situation does not negate the prejudice to Plaintiff should he be permitted to testify.  Pl. MTS at Ex. G, Doc. 608-7, p. 1.

Additionally, the Pennypack factors support precluding Mr. Steinbach's testimony, as the risk of prejudice to Plaintiff is high and cannot be cured by deposition, given how close the parties are to trial.[2] While the Court declines to find that Defendants are acting in bad faith or with willful disregard to the Court's directives in seeking to have Mr. Steinbach testify, it does not find their reasoning for the necessity of his testimony persuasive. Specifically, the Court does not understand the relevance of Mr. Steinbach's testimony in his personal capacity and finds it much more likely that the jury will view him as speaking on behalf of GE.[3] And, as stated by Plaintiff, at this late stage in the proceedings, seeking discovery on that issue would significantly disrupt this Court's trial schedule in a case that has been pending for many years. To allow Mr. Steinbach's testimony otherwise would cause incurable prejudice to Plaintiff.[4]

## II. Mr. Neupaver

Defendants seek to have Mr. Neupaver testify "on the subject of the background of [Defendant] Wabtec." Def. Opp. at 1. As Plaintiff states, the Pennypack factors also support excluding Mr. Neupaver's testimony. The Court finds that there is prejudice and surprise to

---

[2] In this Circuit, a district court must weigh the six factors outlined in Meyers v. Pennypack Woods Home Ownership Association, 559 F.2d 894, 904 (3d Cir. 1977) (overruled on other grounds) in determining whether to exclude evidence. These factors are: (1) prejudice or surprise of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which allowing such testimony would disrupt the orderly and efficient trial of the case or other cases in the court; (4) bad faith or willful failure to comply with the court's order or discovery obligation; (5) validity of the excuse offered by the party; and (6) the importance of the excluded testimony.

[3] Nor is the Court convinced that such testimony even on behalf of GE would be relevant. See Pl. MTS at Ex. C, Doc. 608-3. Defendants' briefing lacks any examples of why this is an "extraordinary circumstance" that requires the Court to reconsider.

[4] The Court does not believe that simply taking Mr. Steinbach's deposition would suffice to cure this prejudice. As Plaintiff pointed out, addressing Mr. Steinbach's testimony likely would require additional discovery from GE or other employees.

Plaintiff at this late hour when an individual who was not properly disclosed to it seeks to testify, especially because Defendants have not provided sufficient explanation as to why Mr. Neupaver, specifically, must be the one to provide general background on Wabtec.

The Court sees no reason why any other individuals who were disclosed and subject to depositions, such as its VP/Senior Counsel or various VP/General Managers, are not sufficient to discuss Wabtec's background. Pl. MTS at 14. If Mr. Neupaver purports to be providing background on the company, there is no need for him to testify when another individual could say the same. Indeed, Defendants do not offer any reason to suggest why Mr. Neupaver must testify in lieu of another Wabtec representative, instead stating that "Mr. Neupaver is being offered as a corporate representative to testify on the structure of Wabtec," will not "address any other issue beyond corporate structure and background" and in fact is beholden "to be consistent with the corporate designee testimony provided by Wabtec in this case." Def. Opp. at 7. Thus, whether the contents of Mr. Neupaver's testimony is important does not affect the Pennypack factors about whether he should be precluded from testifying—Defendants have not articulated any evidence to support that Mr. Neupaver himself is important, just that background on Wabtec is. To the Court, it seems that any number of disclosed individuals can convey the same information.

Defendants attempt to argue that no law binds them to calling the same corporate representative at trial as the one who was designated as a Fed. R. Civ. P. 30(b)(6) representative. Id. That may be correct, but irrelevant to the point here. Defendants are free to call a different corporate representative so long as that representative was appropriately disclosed to Plaintiffs—which Mr. Neupaver was not. Nor is it significant that Plaintiff failed to take Mr. Neupaver's deposition. Why would Plaintiff seek to take his deposition, if it had no inclination that Mr.

4

Neupaver would be speaking about Wabtec's corporate structure, particularly when Defendants concede that Plaintiff had taken a 30(b)(6) deposition on the very same issues? Def. Opp. at 2 ("[Plaintiff] took a corporate designee deposition on the topic of 'The current and past corporate structure, organizational structure, and corporate history of Wabtec…'").

Defendants also seek to argue that Plaintiff should have been on notice that Mr. Neupaver would testify. Def. Opp. at 4. The Court cannot agree. Plaintiffs argue that there were no references to Mr. Neupaver in any versions of the Rule 26(a)(1) disclosures, Defendants' interrogatory responses, depositions of other employees, or documents produced during production. Pl. MTS at 3-4. Defendants do not disagree, but rather contend that Plaintiff produced some documents referencing Mr. Neupaver's position and public role, and that Mr. Neupaver was "part of [a] group of directors" discussed in discovery and during depositions. Def. Opp. at 2-3. Nonetheless, scattered references to Wabtec's board of directors (none of the examples cited by Defendants reference Mr. Neupaver by name—or even as an individual board member) as a general collective does not rise to the same level as the cases cited by Defendants.[5]

---

[5] This is a far cry from the situation contemplated in Norfolk S. Railway Company v. Pittsburgh & W. Virginia Railroad, cited by Defendants. 2015 WL 4377766, at *1 (W. D. Pa. Jul. 15, 2015). In that case, the party moving to strike repeatedly used an article quoting the witness in question as a deposition exhibit, asked other witnesses about him, and received documents involving that witness during discovery. Further, the opposing party stated that they intended to designate that witness as its corporate designee, but the party moving to strike canceled that deposition.

The Court finds the analysis in Archway Ins. Servs. V. James River Ins. Co. limited in its applicability here as well. 507 Fed. Appx. 270 (3d Cir. 2012). The opposing party did not object until trial, and there is no analysis on the Pennypack factors that could be extrapolated to this case.

Finally, the facts in Shumek v. McDowell are readily distinguishable as well: the specific identities of the witnesses were discussed during discovery, and Plaintiff knew specifically about the three witnesses in question. 2011 WL 183985, at *4-5 (M.D. Pa. Jan. 19, 2011).

<u>Id.</u> at Ex. 1, Doc. 622-1.  The Court agrees with Plaintiff that Defendants' reasoning would mean that "every litigant, in every case, would be 'on notice' that every senior executive at its adversary has relevant information—even if the adversary did not name those executives in Rule 26 disclosures or other discovery," which cannot be.  Pl. Reply at 4.

The Court finds that Plaintiff has shown that the <u>Pennypack</u> factors favor excluding Mr. Steinbach's and Mr. Neupaver's testimony: namely, that the prejudice Plaintiff would face in permitting Messrs. Steinbach and Neupaver to testify, the disruption to this Court's trial schedule, and limited importance of these specific witnesses providing the proposed testimony, outweigh any potential benefits Defendants proposed.  Consistent with the foregoing, Plaintiff's Motion to Strike is **GRANTED**.  Messrs. Steinbach and Neupaver are not permitted to testify at trial.

IT IS SO ORDERED.

March 2, 2020                                                  s\Cathy Bissoon
                                                                                   Cathy Bissoon
                                                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record