Case 2:17-cv-01025-CB   Document 688   Filed 08/04/22   Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CUTSFORTH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 17-1025 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| WESTINGHOUSE AIR BRAKE ) | |
| TECHNOLOGIES CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's Motions *in Limine* ("MIL"), Doc. 611, are resolved as follows.

**MIL 1** to preclude evidence related to GE's subjective desires and retroactive beliefs concerning EASYchange brush holder is **DENIED**. Given that OEM sales to GE constitute 75% of the sales of the accused product, the evidence that Plaintiff seeks to preclude clearly is relevant to the issue of damages under Mentor Graphics Corp. v. EVE-USA, Inc., 851 F.3d 1275 (Fed. Cir. 2017). The Court will resolve issues related to admissibility during the course of trial.

**MIL 2** to preclude evidence related to past PTAB proceedings is **DENIED** because that evidence is relevant to Defendants' damages theory and to rebut willfulness. Any claimed jury confusion and/or prejudice could be remedied through factual stipulations and curative instructions, which the Court certainly will entertain.

**MIL 3** to preclude Defendants from using any material outside of their permissible invalidity theories, and which are not the subject of any admissible expert opinion, is **DENIED**. Bissett and Mitsubishi Holder are relevant to the issue of damages as well as to rebut Plaintiff's

willfulness claim and secondary considerations of non-obviousness, including copying.[1] But because Defendants' expert only relied on Bissett to rebut Plaintiff's entitlement to lost profits, their ability to use Mitsubishi Holder will be curtailed, significantly. And while the contours cannot be defined in a vacuum, the following guidance must be adhered to:

1. Defendants may inquire of Plaintiff's witnesses whether they were aware of any products in the market—before Plaintiff's patents were filed—that provided any of the benefits and features covered by the asserted patents.

2. If the response is in the negative, the inquiry shall end. Otherwise, Defendants may attempt to narrow the universe of those products down to Mitsubishi Holder.

3. During the course of this inquiry, Defendants shall neither refer to Mitsubishi Holder by name, nor show it to Plaintiff's witnesses. Put another way, unless a witness explicitly admits knowledge of Mitsubishi Holder, the inquiry must end.

**MIL 4** to preclude Wabtec's corporate history prior to the filing of this lawsuit is **DENIED** because Defendants are entitled to present their narrative about how Wabtec, a named party, fits into this lawsuit.

**MIL 5** to preclude any references to past litigations is **DENIED** because that evidence is relevant to rebutting willful infringement as well as for contextualizing the parties' relationship and framing the current dispute.

**MIL 6** to preclude any reference to patent claims and causes of action that were dropped by Plaintiff or disposed of by the Court is **DENIED** because that evidence is relevant to the willfulness inquiry and to Defendants' damages theory.

---

[1] Given the Court's ruling on Defendants' MIL 1, Mitsubishi Holder is not relevant to establishing FC-103 as an acceptable non-infringing alternative. *See* Order (Doc. 679) at 1–2.

**IT IS SO ORDERED.**

August 4, 2022                                    s/Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via ECF email notification):
All Counsel of Record